UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICKEY COLLINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 4:15-cv-1231-AGF |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CITY OF PINE LAWN, MISSOURI, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's First Motion for Leave to Amend Pleadings (Doc. No. 60) and Plaintiff's Motion to Strike Defendant Donnell Smith's Supplemental Motion to Dismiss (Doc. No. 62). Also pending before this Court are the following motions: Defendant City of Pine Lawn's ("Pine Lawn") Motion to Dismiss Count XII of Plaintiff's amended petition invoking the civil enforcement provision of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(c) ("RICO") (Doc. No. 22); Defendant Brian Krueger's Motion to Dismiss Party (Doc. No. 34); Defendant Donnell Smith's Motion to Dismiss Party (Doc. No. 40); and Defendant Donnell Smith's Supplemental Motion to Dismiss Party (Doc. No. 58).

For the reasons set forth below, Plaintiff's Motion for Leave to Amend Pleadings will be granted. Because Smith and Krueger's outstanding motions to dismiss are directed at the previous amended petition, they will be denied as moot, without prejudice to the parties' ability to refile. However, the Court will address Pine Lawn's Motion to

1

Dismiss Count XII by separate order, as the portion of Plaintiff's pleading at which that motion is directed has not changed in the proposed second amended petition, and the motion is fully briefed and ripe for disposition.

**Procedural Background**

On May 12, 2016, Defendant Donnell Smith filed his Supplemental Motion to Dismiss. On May 13, 2016—the deadline for filing motions for amendment of pleadings, pursuant to the Court's case management order—Plaintiff filed his motion for leave to file an amended pleading. Plaintiff's proposed amended pleading asserts several new counts, including against individual Defendants Krueger and Smith. However, it does not add any additional defendants.

Defendants object to Plaintiff's motion for leave to file an amended pleading. As Defendants point out, Plaintiff's motion failed to comply with the Court's Local Rules, because it did not include the proposed amended pleading. The proposed amended pleading was filed, pursuant to the Court's instruction, roughly a week later. Thus, Defendants argue that is not timely, and that Plaintiff's amendments do not cure the deficiencies raised in the outstanding motions to dismiss filed by Defendants Pine Lawn, Smith, and Krueger. Plaintiff argues in response that Federal Rule of Civil Procedure 15(a)(1)(B) allows for amendment of a pleading within 21 days after a motion is filed under 12(b), and therefore, Plaintiff's motion to amend was timely in light of Defendant Smith's Supplemental Motion to Dismiss. More generally, Plaintiff argues that his motion was filed within the deadlines set by the Court, and that he was diligent in attempting to meet the deadlines set by the case management order.

**Discussion**

With regard to amendment of pleadings, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Additionally, Federal Rule of Civil Procedure 15(a)(1) states that, as a matter of course, a party may amend a pleading within 21 days of service of a motion under Rule 12(b). The Court finds that because Plaintiff's motion for leave to amend was filed immediately after Defendant Smith's supplemental motion to dismiss brought under Rule 12(b), and within the Court's timeframe for filing amended pleadings as set forth in its case management order, Plaintiff's motion should be granted.

Plaintiff's proposed amended petition asserts new counts against Defendants Krueger and Smith. Therefore, Krueger and Smith's outstanding motions to dismiss (including Smith's supplemental motion to dismiss) will be denied as moot because they are directed at the previous operative pleading, and no longer address all of the claims directed at Krueger and Smith, respectively. Similarly, Plaintiff's motion to strike Smith's supplemental motion to dismiss will be denied as moot.

However, the Court finds that Plaintiff's Count XII is identical in both the previously operative First Amended Petition, and the proposed Second Amended Petition. Therefore, because Pine Lawn's Motion to Dismiss Count XII is limited to unaltered portions of Plaintiff's operative pleading, the Court will proceed to consider the motion on its merits by separate order.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Leave to Amend Pleadings (Doc. No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Brian Krueger's Motion to Dismiss Party (Doc. No. 34) is **DENIED** as moot, without prejudice to Defendant Krueger's right to refile by incorporation or otherwise.

**IT IS FURTHER ORDERED** that Defendant Donnell Smith's Motion to Dismiss Party (Doc. No. 40) is **DENIED** as moot, without prejudice to Defendant Smith's right to refile by incorporation or otherwise.

**IT IS FURTHER ORDERED** that Defendant Donnell Smith's Supplemental Motion to Dismiss Party (Doc. No. 58) is **DENIED** as moot, without prejudice to Defendant Smith's right to refile by incorporation or otherwise.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike Supplemental Motion to Dismiss Party Donnell Smith (Doc. No. 62) is **DENIED** as moot.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2016.