UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICKEY COLLINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:15-cv-1231-AGF |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PINE LAWN, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Pine Lawn's ("Pine Lawn") Motion to Dismiss Count XII of Plaintiff's amended petition invoking the civil enforcement provision of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(c) ("RICO") (Doc. No. 22). As explained in a separate Memorandum and Order filed this day, Plaintiff has recently amended his petition, but his amended pleading makes no change to Count XII. Therefore, the matter having been fully briefed, the Court will address Pine Lawn's Motion to Dismiss Count XII on the merits. For the reasons set forth below, Pine Lawn's Motion to Dismiss Count XII will be granted.

**Background**

Plaintiff Rickey Collins was Chief of Police for Pine Lawn. Plaintiff alleges that Pine Lawn's former Mayor, Sylvester Caldwell—one of the individual Defendants in this case—abused his authority over Pine Lawn's police department. Specifically, Plaintiff alleges that Caldwell called on Pine Lawn's police to summon and arrest his political

1

opponents, and ordered police to record footage of the opponents to be used in negative campaign ads and articles. Plaintiff also alleges that Caldwell used Pine Lawn's police forces and spent Pine Lawn's funds for non-city functions, including providing protection for his personal property. He claims Caldwell used city assets, including public works vans and unmarked police vehicles, for his personal use.

Plaintiff alleges that he informed Defendant Donnell Smith ("Smith"), Pine Lawn's city attorney, and Defendant Brian Krueger ("Krueger"), Pine Lawn's city manager, about Caldwell's activities, but Smith and Krueger replied there "there was nothing they could do." (Doc. No. 4 at 5.) Finally, Plaintiff alleges that after he reported Caldwell's misdeeds to Pine Lawn elected officials and to the FBI, Pine Lawn's Board of Aldermen met and terminated Plaintiff's employment without providing notice or reasons for the termination.

In Count XII of his Second Amended Petition, directed against Pine Lawn, Plaintiff asserts that "[t]here existed a long-term pattern of racketeering activity." (Doc. No. 64 at 24.) Plaintiff alleges that Caldwell, Smith, and Krueger, in their official capacities as city officials, "attempted to obstruct the criminal investigation and tampered with witnesses, informants, and evidence." *Id.* This "racketeering" conduct, according to Plaintiff, violated 18 U.S.C. § 1510 (relating to obstruction of criminal investigations) and § 1512 (relating to tampering with a witness, victim, or an informant), and thus constituted a violation of RICO. Nowhere in Count XII, or indeed in the remainder of the amended petition, does Plaintiff explain how Defendants Smith and Krueger contributed to the purported racketeering activities. Plaintiff only alleges that the individual

2

Defendants' "racketeering conduct" caused the termination of his employment and has adversely affected his subsequent job search. Plaintiff also claims to have suffered from lost wages and benefits, emotional distress, and other incidental and consequential damages. Plaintiff further alleges, in single sentences, that Defendants' obstructionism violated the Sarbanes-Oxley Act, 18 U.S.C. § 1513(e), the Federal False Claims Act, and the Victim and Witness Protection Act of 1982.

In its motion to dismiss Count XII, Pine Lawn argues that Plaintiff lacks standing to pursue a RICO claim against Pine Lawn because Plaintiff's alleged injuries are not to his "business or property," as required in a civil RICO action. In response, Plaintiff argues that termination resulting from racketeering activity, as opposed to termination resulting from reporting or not participating in RICO activity, is a cognizable RICO injury. In its reply, Pine Lawn highlights that Plaintiff is an at-will employee, and argues that he has no property interest in his continued employment.

**Discussion**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

To have standing for a civil enforcement of a RICO claim,[1] a plaintiff must show that he "1) sustained an injury to business or property 2) that was caused by a RICO violation. . . . [A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (citations omitted); *see also Hamm v. Rhone-Poulene Rorer Pharm., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999). Personal injuries, such as injury to reputation, are not compensable under RICO. *See Hamm*, 187 F.3d at 954 (8th Cir. 1999) (concluding damage to reputation is a non-compensable "personal injury" under RICO). It is also well established that "an employee discharged for criticizing or refusing to participate in the employer's racketeering activity lacks standing to bring a civil suit[.]" *Bowman v. W. Auto Supply Co.*, 985 F.2d 383, 385 (8th Cir. 1993)

Plaintiff argues that it is less clear whether termination resulting from the purported racketeering activity *itself* can constitute an injury to business or property sufficient to support a RICO claim, and thus attempts to distinguish the instant matter from *Bowman*. However, in *Brennan v. Chestnut*, 973 F.2d 644 (8th Cir. 1992), the Eighth Circuit implicitly addressed the issue. In that case, the plaintiffs were pilots employed by the defendant, and they enjoyed minority shareholder status by virtue of

---

[1] The Court notes that some circuits have ruled that a civil RICO claim may not be brought against municipal entities. *See Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991); *see also Hoekstra v. City of Arnold, Mo.*, No. 4:08CV0267 TCM, 2009 WL 259857, at *12 (E.D. Mo. Feb. 3, 2009). However, Pine Lawn does not raise this issue in the instant motion to dismiss, and moreover, because Plaintiff's RICO claim will be dismissed on other grounds, the Court need not reach a conclusion on this issue.

their employment. They were terminated following purported racketeering activity by their employers. The Eighth Circuit explained:

> A RICO plaintiff has standing only if injured in his business or property. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). We find that the [complainants do not] assert a viable RICO claim based on their status as shareholders as [they] have made no allegation of direct and individual injury to their business or property resulting from their status as shareholders, **rather than from their status as employees**.

*Id.* at 648 (emphasis added). Stated differently, in *Brennan*, the Eighth Circuit found the plaintiffs' loss of employment insufficient, on its own, to constitute an injury to business or property as required under RICO. Other courts in the Eighth Circuit have interpreted *Brennan* to hold the same. *See, e.g., Reynolds v. Condon*, 908 F. Supp. 1494, 1518 (N.D. Iowa 1995), *as modified on denial of reargument* (Nov. 1, 1995) ("Thus, it appears that mere injuries to employment or income from employment are not RICO injuries."). And the Eighth Circuit itself has appeared to interpret its decision in *Bowman* as establishing that plaintiffs cannot "base a civil RICO claim on allegations of wrongful discharge, denial of promotion, loss of compensation or benefits, harassment or intimidation, and retaliation." *Hamm*, 187 F.3d at 947, 953 (summarizing and appearing to agree with appellants' concession that "under *Bowman*, they lacked standing to assert their employment-related injuries in a civil RICO suit").

Here, Plaintiff's claimed injuries are the termination of his employment, lost wages and benefits, difficulty securing new employment because of reputational harm, and emotional distress. His emotional distress and reputational harm are personal

injuries, and are thus precluded. His inability to find new employment because of the reputational harm represents a pecuniary loss stemming from the personal injury, and is likewise precluded. *See Hamm*, 187 F.3d at 954. And pursuant to the case law discussed, Plaintiff's discharge itself is not an injury to business or property sufficient to support a RICO claim.

Furthermore, even if the Court found that Plaintiff's allegations regarding injury were sufficient, dismissal would still be appropriate given Plaintiff's failure to establish causation. Plaintiff does not aver facts linking the purported conspiracy with his termination. Plaintiff's petition alleges that "[t]here existed a long term pattern of racketeering activity," (Doc. No. 64 at 24, ¶ 45), and that "[t]hese actions caused Collins to be terminated from his employment." *Id.*, ¶ 51. These cursory statements constitute legal conclusions, and they do not provide sufficient facts to support Plaintiff's claim. *Iqbal*, 556 U.S. at 678.[2]

The Court concludes that Plaintiff lacks standing to assert this cause of action because he does not plead any injury to his business or property, and has failed to meet

---

[2] In perfunctory paragraphs in Count XII, Plaintiff alleges that the individual Defendants' "willful and intentional tampering and obstruction [of the criminal investigation]" violated the Sarbanes-Oxley Act, the Federal False Claims Act, and the Victim and Witness Protection Act of 1982. These are legal conclusions that this Court need not and does not accept. Even if Plaintiff intended to allege these violations as underlying predicate acts of racketeering conduct for the RICO claim, Count XII remains deficient because Plaintiff has pled no injury to his business or property.

pleading requirements with regard to causation.³  Therefore, the Court will dismiss Count XII with prejudice with respect to the RICO claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Pine Lane's motion to dismiss Count XII of Plaintiff's amended petition (Doc. No. 22) is **GRANTED**.  Count XII of Plaintiff's Second Amended Petition is **DISMISSED.**

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2016.

---

³ Although the Court limits its analysis to those arguments raised in Pine Lawn's motion, Plaintiff's RICO claim is deficient in additional ways.  For example, Plaintiff has not identified, in a manner sufficient to meet pleading requirements under *Twombly* and the special pleading requirements set forth in Rule 9(b), what he alleges is the pattern of racketeering activity.  Neither can the Court discern from the Second Amended Petition what constitutes, according to Plaintiff, the illegal "enterprise."  *See Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011).