UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICKEY COLLINS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 4:15CV1231 AGF |
| v. | ) ) |  |
| CITY OF PINE LAWN, MISSOURI, et al., | ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This action was removed from state court, and is before the Court on the motion (ECF No. 89) of Defendant City of Pine Lawn, Missouri ("Pine Lawn") to dismiss the claims of Plaintiff Rickey Collins asserted against it in the Second Amended Complaint (the "Complaint"), for failure to state a claim upon which relief can be granted. Plaintiff asserts 11 claims against Pine Lawn, arising out of his termination as the Chief of Police for Pine Lawn.[1] For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

Currently before the Court is Plaintiff's third iteration of the complaint. Plaintiff amended his initial complaint twice, each time after one or more Defendants filed

---

[1] The Complaint also contains a twelfth claim against Pine Lawn, under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. (Count XII). However, the Court dismissed this claim in a prior Memorandum and Order, issued on June 10, 2016. ECF No. 70.

1

motions to dismiss or for summary judgment. At issue in the current motion are the claims against Pine Lawn in the Complaint[2] (ECF No. 64).

Plaintiff served in his capacity as Chief of Police for Pine Lawn since May 2007. Defendant Sylvester Caldwell is the former mayor of Pine Lawn, and Defendant Donnell Smith was the City Attorney for Pine Lawn. Plaintiff alleges that as Chief of Police, he learned about illegal activities conducted by Caldwell, and informed the Federal Bureau of Investigation ("FBI") about such activities. Plaintiff claims the information he provided to the FBI may have led to the identification of witnesses in an extortion scheme involving Caldwell. Plaintiff alleges that he also reported Caldwell's activities to elected officials, and reported that Caldwell had fired Pine Lawn police officers without cause. Plaintiff alleges that "Pine Lawn officials were informed that Collins would be reporting the Mayor to the authorities," and that his reports of the Mayor's illegal activity resulted in a hostile work environment that culminated in his termination. ECF No. 64 at 6.

With respect to his termination, Plaintiff claims that the Board of Aldermen for Pine Lawn suspended and later terminated him without an adequate hearing in a meeting that was not in compliance with the Missouri Sunshine Law, Mo. Rev. Stat. § 610.010, *et. seq.* He claims that Pine Lawn did not post a notice of the meeting 24 hours in advance, the notice did not contain sufficient details of the meeting's agenda, and the notice was

---

[2] More than a month before Pine Lawn filed this motion, Defendant Smith filed a motion to dismiss Plaintiff's claims against him. The Court granted that motion on March 6, 2017.

not posted in a conspicuous location.  Plaintiff alleges he informed the Board of Aldermen of the impropriety of the meeting, but they proceeded.

Counts I through XI of the Complaint are brought against Pine Lawn.  Counts I through IV are state-law claims for common law "whistleblower" liability (Count I), "common law retaliation – violation of state constitution" (Count II), "common law retaliation – acting as a witness" (Count III), and violation of the Missouri Sunshine Law (Count IV).  With respect to each of these claims, Plaintiff alleges that "Pine Lawn has procured liability insurance that would provide coverage for" the claim.   ECF No. 64 at 8-12.  Counts V through X are federal claims under 42 U.S.C. § 1983, alleging violation of Plaintiff's constitutional right to free speech (Count V), free association (Count VI), equal protection / protection from discrimination (Count VII and X),[3] due process with respect to liberty interests (Count VIII), and due process with respect to property interests (Count IX).  Count XI is a federal claim alleging violation of 42 U.S.C. § 1981.

## ARGUMENTS OF THE PARTIES

Pine Lawn argues that Plaintiff's state-law claims are barred by sovereign immunity.  According to Pine Lawn, Plaintiff's allegations regarding insurance coverage for the claims at issue—which seek to invoke a statutory exception to Missouri's sovereign immunity statutes—are conclusory and should be disregarded.  Alternatively, Pine Lawn has attached a copy of its insurance policy and argues that it conclusively

---

[3] Counts VII and X assert nearly identical claims, though one is titled "Right to Equal Protection" and the other "Discriminatory Motive."  In both Counts, Plaintiff alleges that he was "treated differently than others in the same situation and the discriminatory treatment was based on an impermissible purpose or motive."  ECF No. 63 at 16, 21.

3

shows that the claims are not covered.  Pine Lawn argues that Count IV, alleging violation of the Missouri Sunshine Law, is not only barred by sovereign immunity but also fails because, even assuming that Plaintiff has adequately alleged facts demonstrating that the board meeting at issue violated the Sunshine Law (which Pine Lawn states that it does not concede), Plaintiff's claim is barred by the Sunshine Law's one-year statute of limitations.

With respect to Plaintiff's federal claims, Pine Lawn incorporates the arguments raised by Smith in his motion to dismiss, including that Plaintiff failed to state a due process or equal protection claim.

Pine Lawn further argues that Plaintiff fails to adequately allege municipal liability under § 1983 because his claims lack any factual allegations of an unconstitutional policy or custom as the moving force behind the alleged deprivation of rights.  Pine Lawn argues that "the final policymaker in a fourth class city [like Pine Lawn] is the collective of the mayor and the board of alderm[e]n" pursuant to Mo. Rev. Stat. § 79.110.  ECF No. 90 at 5.  Pine Lawn argues more specifically that, under Mo. Rev. Stat. § 79.240 (2013), the Mayor could not have removed an appointive officer without the majority approval of the Board of Aldermen, and that Plaintiff's allegations regarding the Board of Aldermen's purported wrongful termination of Plaintiff are either conclusory or fail to state a claim as  a matter of law.

Finally, Pine Lawn argues that Plaintiff fails to state a § 1981 claim because he has not alleged any facts in support of such a claim.

4

In response to Pine Lawn's motion, Plaintiff argues that sovereign immunity does not apply to his state-law claims for retaliatory discharge because those claims allege intentional actions and involve proprietary functions not subject to sovereign immunity. Plaintiff also argues that sovereign immunity does not apply to his Sunshine Law claim because that claim alleges a statutory violation, rather than a tort claim. Plaintiff does not address or make any argument with respect to the insurance policy attached to Pine Lawn's motion. Nor does Plaintiff respond to Pine Lawn's assertion that his Sunshine Law claim is barred by the statute of limitations.

With respect to his federal claims, Plaintiff argues that he has adequately stated claims for municipal liability for constitutional violations under § 1983. Specifically, Plaintiff argues that he has pled sufficient facts to establish that "persons with policy making authority were involved with the deprivation of rights" alleged here. ECF No. 93 at 11.

Plaintiff also argues that he has pled sufficient facts to establish the underlying constitutional violations. With respect to his First Amendment claims, he argues that he has adequately pled that his speech on matters of public concern, namely, his reporting of illegal activities to internal supervisors and to the FBI and press, and his "association with the FBI and press" in this regard, were motivating factors in Pine Lawn's decision to terminate him. With respect to his equal protection and discrimination claims, Plaintiff simply argues that he has "pled sufficient facts" to make out a violation. Regarding his due process claims, Plaintiff points to Chapter 84 of the Missouri Revised Statutes to argue that he had a constitutionally protected interest in continued employment. Plaintiff

5

also argues that he has adequately pled a deprivation of his liberty interest in his reputation by pleading that "[f]alse and stigmatizing statements were made in connection with the employee's discharge in public, without a meaningful opportunity for [Plaintiff] to clear his name." ECF No. 64 at 18.

Plaintiff does not address Pine Lawn's arguments with respect to his § 1981 claim.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015).

**Counts I through III (state-law retaliatory discharge claims)**

Counts I through III are common law retaliatory discharge claims predicated upon the public-policy exception to the at-will employment doctrine recognized by Missouri courts. The Missouri Supreme Court has made clear that municipalities are immune from claims unless an exception to immunity applies. *See Kunzie v. City of Olivette*, 184 S.W.3d 570, 573 (Mo. 2006) (holding that whistleblower claims and other retaliatory

6

discharge claims are tort claims involving governmental functions and, as such, subject to sovereign immunity).

In this case, as in *Kunzie*, which involved substantially similar retaliatory discharge claims, "the only applicable exception would be the municipality's procurement of liability insurance" so as to invoke Mo. Rev. Stat. § 537.610.1. *Id.* at 574. "Section 537.610.1 allows political subdivisions of the state to purchase liability insurance for tort claims and waives sovereign immunity 'only to the maximum amount of and only for the purposes covered by such policy of insurance' or self-insurance plan." *Id.* (quoting Mo. Rev. Stat. § 537.610.1); *see also Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003) ("To penetrate a claim of immunity under section 537.610.1, a plaintiff is required to demonstrate the existence of insurance that covered the plaintiff's claim.").

Pine Lawn has attached the applicable MOPERM insurance policy to its motion to dismiss, and Plaintiff does not challenge the authenticity of this policy or suggest that another policy exists that would apply here. Therefore, the Court may consider the policy as "necessarily embraced by the pleadings" without converting Pine Lawn's motion into one for summary judgment. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents necessarily embraced by the pleadings [which may be considered on a motion to dismiss] include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading"); *Noah v. Saint Louis Cty., Mo.*, No. 4:06CV591 CDP, 2007

WL 1018671, at *2 (E.D. Mo. Mar. 29, 2007) (considering insurance policy attached to motion to dismiss to determine whether tort claims were barred by sovereign immunity).

As Pine Lawn argues, a review of the insurance policy's terms conclusively demonstrates that Plaintiff's claims are not covered. The only "claims on causes of actions established by Missouri Law" which are covered under the policy are those arising out of injuries resulting from the operation of motor vehicles or dangerous conditions of property. ECF No. 90-1. The policy further states that nothing in the policy "shall be construed to broaden the liability of [Pine Lawn] beyond the provisions of section 537.600 to 537.610 [the sovereign immunity sections] of the Missouri statutes." *Id.* The policy's plain terms fail to cover Plaintiff's retaliatory discharge claims. *See Topps v. City of Country Club Hills*, 272 S.W.3d 409, 418 (Mo. Ct. App. 2008) (finding that a nearly identical MOPERM policy was unambiguous and plainly contained "no provisions . . . to potentially create liability for an employee whistle blower claim"); *Epps*, 353 F.3d at 595 (finding sovereign immunity protection for a retaliatory discharge claim against Pine Lawn where the MOPERM policy specifically cited Missouri's sovereign-immunity statutes and noted that liability would not be broadened beyond the limits of those statutes). Because Pine Lawn has demonstrated that it is immune from Plaintiff's retaliatory discharge claims in Counts I through III, these claims will be dismissed.

**Count IV (Missouri Sunshine Law claim)**

As noted above, Pine Lawn argues that Plaintiff's claim under the Missouri Sunshine Law is barred by the statue's one-year statute of limitations. Mo. Rev. Stat. §

8

610.027.5, provides that "[s]uit for enforcement [of the Sunshine Law] shall be brought within one year from which the violation is ascertainable and in no event shall it be brought later than two years after the violation." In actions alleging a violation of the Sunshine Law, damages are "ascertainable" "when the fact of damage can be discovered or made known, rather than when a plaintiff actually discovers injury or wrongful conduct." *Colombo v. Buford,* 935 S.W.2d 690, 695 (Mo. Ct. App. 1996); *Bartis v. City of Bridgeton*, No. 406-CV-1574 JCH, 2007 WL 1486024, at *6 (E.D. Mo. May 18, 2007) (applying the statute of limitations to a claim by a police officer that in terminating him, the defendants violated the Missouri Sunshine Act). Here the damages alleged would have been ascertainable at the time of termination. *See Bartis*, 2007 WL 1486024, at *6.

A court may dismiss a claim as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred. *Jessie v. Potter,* 516 F.3d 709, 713 n.2 (8th Cir. 2008). Here, Plaintiff's suit was filed in state court on May 7, 2015, and while it seems clear that this was more than one year after the statute of limitations began to run, the Complaint does not include the date of termination, nor does the record otherwise establish that date. Accordingly, the Court will allow Plaintiff seven days after the date of this Memorandum and Order to show cause why his claim under the Missouri Sunshine Law should not be dismissed as barred by the statute of limitations.

**Counts VI and VII (First Amendment Retaliation)**

The First Amendment guarantees every citizen a right to engage in free speech, without governmental restriction. *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). Because "public employees do not surrender all of their First

Amendment rights by reason of their employment," a public employer may not penalize its employee for exercising his constitutionally protected right to freedom of speech—that is if he "'spoke as a citizen on a matter of public concern.'" *Barnes v. City of Charlack, Mo.*, 183 F. Supp. 3d 956, 959 (E.D. Mo. 2016) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)). To establish a First Amendment retaliation claim, a plaintiff must allege that: "(1) he engaged in activity protected by the First Amendment; (2) the defendants took an adverse employment action against him; and (3) the protected conduct was a substantial or motivating factor in the defendants' decision to take the adverse employment action." *Lyons v. Vaught*, 781 F.3d 958, 961 (8th Cir. 2015).[4]

Here, Pine Lawn does not argue, nor can it, that Plaintiff's speech and related associations were not protected. *See Belk v. City of Eldon*, 228 F.3d 872, 878 (8th Cir. 2000) ("Speech that criticizes a public employer in his capacity as a public official . . . addresses matters of public concern."). And Plaintiff's allegations that his termination followed his reports to Pine Lawn officials and the authorities about the Mayor's illegal activities, while thin with respect to timing and context of the relevant events, are sufficient at this stage to give rise to a reasonable inference that Plaintiff's protected conduct was a "substantial or motivating factor" in his firing.

---

[4] The same test applies to Plaintiff's "freedom of association" claim in Count VI, which references Plaintiff's "association with the FBI and/or the press," reasonably inferred to mean Plaintiff's association with these entities in the context of his whistleblowing. *See Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) ("[T]he First Amendment restrains the government from retaliating against a public employee based on the employee's speech *or* associations.") (emphasis added); *Lloyd v. City of St. Charles, Mo.*, 617 F. Supp. 2d 830, 834 (E.D. Mo. 2008) (applying *Garcetti* test to "public employees who argue that they were terminated for exercise of their right to free association").

Pine Lawn's primary argument in support of dismissal of Plaintiff's First Amendment retaliation claim is that Pine Lawn cannot be liable for the decision to terminate Plaintiff. Pine Lawn is correct that "[u]nder 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). As recently explained by the Eighth Circuit,

> [a]n action can constitute official municipal policy only if the decisionmaker in question possesses final authority to establish municipal policy with respect to the action ordered. [Courts] look to applicable state and local law to determine where final policymaking authority rests. A single decision by a municipal authority can in some circumstances constitute official policy.

*Bolderson v. City of Wentzville, Mo.*, 840 F.3d 982, 985 (8th Cir. 2016) (citations omitted).

Here, Plaintiff alleges that Pine Lawn's Board of Aldermen terminated him. The Court rejects Pine Lawn's argument that the Complaint merely asserts a claim against the Board of Aldermen for violating the Missouri Sunshine Law and not a claim asserting that the termination itself was wrongful. Pine Lawn acknowledges, correctly, that the Board of Aldermen was the decisionmaker possessing final authority with respect to termination of the Chief of Police. *See* Mo. Rev. Stat. § 79.240 (2013); *see also Sexton v. Martin*, 210 F.3d 905, 910 (8th Cir. 2000); *Wright v. City of Salisbury, Mo.*, 656 F. Supp. 2d 1013, 1027 (E.D. Mo. 2009). Thus, Pine Lawn's motion to dismiss will be denied with respect to the First Amendment retaliation claim.

**Counts VII and X (Equal Protection and "Discriminatory Motive")**

Plaintiff fails to plausibly allege a constitutional claim for violation of his right to equal protection, largely for the reasons discussed in the Court's March 6, 2017 Memorandum and Order granting Smith's motion to dismiss (ECF No. 101). In particular, Plaintiff has not pled any factual allegations to identify what protected class he was in; what individuals or groups of individuals, similarly situated to him, were treated differently; or how the treatment was different. *See* ECF No. 101 at 20-21 (explaining why Plaintiff failed to state an equal protection claim and citing *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (dismissing equal protection discrimination claims based on similarly conclusory allegations)).

**Counts VIII and XI (Due Process)**

Plaintiff's due process claims also fail for the reasons discussed in the Court's March 6, 2017 Memorandum and Order. Specifically, as the Court previously held, the statutes which Plaintiff asserts give rise to a constitutionally protected interest in continued employment (Chapter 84 of the Missouri Revised Statutes) do not apply to Fourth Class Cities like Pine Lawn. Rather, Chapter 79 applies to Fourth Class Cities and provides that appointed employees like Plaintiff are at-will employees, and as such, have no constitutionally protected interest in continued employment under the Due Process Clause. *See* ECF No. 101 at 17-18 (discussing relevant statutes).

And although Plaintiff may have a protected liberty interest in his reputation, his due process claim based on this interest fails because, as the Court previously explained, his formulaic recitation of the elements of such a claim are insufficient. *See Iqbal*, 556

12

U.S. at 678. Plaintiff has not pled any factual allegations to suggest who made the allegedly false and stigmatizing statements (so as to ascertain whether those statements are attributable to Pine Lawn), what the statements were, or in what context they were made. Nor has he pled that he requested a name-clearing hearing. *See* ECF No. 101 at 19-20 (explaining why Plaintiff failed to state a due process claim for deprivation of a liberty interest in his reputation and citing *Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009) (setting forth elements of such a due process claim and noting that the plaintiff must prove he requested and was denied a name-clearing hearing)).

**Count XI (Section 1981)**

"To state a claim under § 1981, a plaintiff must plead: (1) that the plaintiff is a member of a protected class; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination on the basis of race interfered with a protected activity as defined in § 1981." *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 766 (8th Cir. 2016). The allegations in support of these § 1981 elements "must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

Plaintiff has failed to plead any facts to indicate that he is a member of a protected class or that Pine Lawn intended to discriminate against him on the basis of race. Indeed, the Complaint does not even allude to race. As such, the Court will dismiss Count XI. *Cf. Becton v. St. Louis Reg'l Pub. Media, Inc.*, No. 4:16-CV-1419 CAS, 2017 WL 769900, at *4 (E.D. Mo. Feb. 28, 2017) (dismissing § 1981 claim where the "plaintiff's

complaint allege[d] only that he is African American and then ma[de] a bare, conclusory assertion that he was terminated because of his race").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Pine Lawn's motion to dismiss is **GRANTED** with respect to Counts I through III, and VII through XI**, and DENIED** with respect to Counts IV, V, and VI. ECF. No. 89.

**IT IS FURTHER ORDERED** that Plaintiff shall have **seven days** after the date of this Memorandum and Order to show cause in writing why his claim under the Missouri Sunshine Law (Count IV) should not be dismissed as barred by the statute of limitations.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2017.